# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERGIO TORO,<br><br>                  Plaintiff,<br><br>vs.<br><br>JANET NAPOLITANO, Secretary, Department of Homeland Security; Customs and Border Protection,<br><br>                  Defendants. | CASE NO. 12-CV-2804-IEG (WVG)<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**<br><br>[Doc. No. 4] |

Before the Court is Defendants' motion to dismiss Plaintiff Sergio Toro's second cause of action in its entirety and all claims against Defendant Customs and Border Protection. [Doc. No. 4.] For the reasons below, the motion is **GRANTED**.

## BACKGROUND

This case arises from the termination of Plaintiff's probationary employment with the Department of Homeland Security. On April 13, 2009, Plaintiff was hired as a Customs and Border Protection Officer subject to a two-year probationary period under the Federal Career Internship Program ("FCIP"). On June 28, 2009, a vehicle registered to Plaintiff with hidden compartments ostensibly designed to transport illegal drugs was inspected at the Otay Mesa Port of Entry. The internal investigation that followed tied Plaintiff to narcotics smuggling and currency laundering, which resulted in his termination on March 31, 2010. On November 20, 2012, Plaintiff filed the present complaint alleging discriminatory termination in

violation of Title VII of the Civil Rights Act of 1964 and that the two-year probationary period under FCIP constitutes a due process violation under the United States Constitution. [*See* Doc. No. 1.] By the present motion, Defendants move to dismiss Plaintiff's second cause of action ("constitutional claim") as preempted by the Civil Service Reform Act of 1978 ("CSRA"); and (2) all claims against Customs and Border Protection as an improperly named party. Plaintiff filed an opposition brief, [Doc. No. 5], but Defendants did not file a reply brief.

## DISCUSSION

Defendants nominally move to dismiss under Fed. R. Civ. P. 12(b)(6). [Doc. No. 4. "Rule 12(b)(6) only countenances dismissal for failure to state a claim." *Oppenheimer v. Southwest Airlines Co.*, 2013 WL 3149483, at *3 (S.D. Cal. June 17, 2013). Although arguments as to an improperly named defendant may be addressed under this rule, *see, e.g.*, *Easterly v. Department of Army*, 2010 WL 1233544, at *6 (E.D. Cal. March 22, 2010), Defendants' preemption arguments concern lack of subject matter jurisdiction not failure to state a claim, and thus the standards of Fed. R. Civ. P 12(b)(1) rather 12(b)(6) apply thereto. *See, e.g.*, *Lewis v. Donley*, 2009 WL 1492139, at *10 (D. Alaska May 28, 2009) ("Because preemption arguments attack [] jurisdictional sufficiency . . . preemption arguments are assessed under Rule 12(b)(1)"); *Davidson v. Korman*, 2010 WL 3515760, at *2 (N.D. Cal. Sept. 8, 2010) ("preemption based on the CSRA . . . deprives a federal court of subject matter jurisdiction over preempted claims") (citing *Saul v. U.S.*, 928 F.2d 829, 832 (9th Cir. 1991)). Still, where, as here, "a defendant brings a facial challenge, that is, a challenge to the court's subject matter jurisdiction based on the allegations in the complaint, the court conducts an inquiry that is 'analogous to a 12(b)(6) motion.'" *AO Ventures, LLC v. Gutierrez*, 2012 WL 6608824, at *2 (N.D. Cal. Dec. 18, 2012) (quoting *Roberts v. Corrothers*, 812 F.2d 1173, 1178 (9th Cir. 1987)).

**1.     Plaintiff's Constitutional Claim is Preempted by the CSRA**

Defendants argue that Plaintiff's constitutional claim is preempted by the

CSRA and thus that the Court lacks subject matter jurisdiction. [Doc. No. 4 at 5-7.] "As a general matter, federal district courts have 'original jurisdiction of all civil action arising under the Constitution, laws, or treaties of the United States.'" *Elgin v. Department of Treasury*, __U.S.__, 132 S. Ct. 2126, 2141 (2012) (Alito, J. dissenting). Yet, "Congress may remove certain claims from the general jurisdiction of the federal courts in order to channel these claims into a system of statutory review." *Id.*; *see also Chamat v. Paulson*, 2009 WL 764989, at *4-5 (S.D. Cal. March 23, 2009) ("A district court is precluded from exercising subject matter jurisdiction when Congress intended to preclude review."). "The CSRA established [such] a comprehensive system for reviewing personnel action taken against federal employees." *Elgin*, __U.S.__, 132 S. Ct. at 2130.

"The CSRA's remedial scheme is both exclusive and preemptive." *Mangano v. United States*, 529 F.3d 1243, 1246 (9th Cir. 2008) (internal quotation omitted). "If the challenged conduct falls within the scope of the CSRA . . ., then the CSRA's administrative procedures are the employee's only remedy." *Id.* While "[t]here are limits to what qualifies . . ., [] the instances are well outside anything that could reasonably be described as a 'personnel action.'" *Id.* "In fact, a federal employee's personnel-related complaints are preempted even if no remedy is available under the CSRA." *Id.* Further, "[n]othing . . . suggests that [this] exclusive review scheme is inapplicable simply because a[n] employee challenges a[n] action on the ground that the statute authorizing that action is unconstitutional." *Elgin*, __U.S.__, 132 S. Ct. at 2134. Thus, "the [CSRA] review scheme is exclusive, even for employees who bring constitutional challenges to federal statutes." *Id.* at 2135.

Here, Plaintiff's constitutional claim challenges the two-year probationary period under FCIP. [*See* Doc. No. 1; *see also* Doc. No. 5 at 5 (characterizing the claim as "attacking the constitutionality of the application of the two-year requirement imposed by FCIP").] As discussed above, such a constitutional challenge by a federal employee to a federal employment policy is preempted by the CSRA remedial scheme. *See Elgin*, __U.S.__, 132 S. Ct. at 2134; *see also Charmat*,

2009 WL 764989, at *4-5 (S.D. Cal. March 23, 2009) (finding that CSRA preempts probationary Internal Revenue Service employee's constitutional claim); *Gonzalez v. Manjarrez*, 2013 WL 152177, at *6-8 (W.D. Tex. Jan. 4, 2013) (finding that CSRA preempts probationary Customs and Border Protection employee's constitutional claim). Thus, the CSRA preempts, and the Court consequently lacks subject matter jurisdiction over, Plaintiff's second cause of action. *See id*.

Plaintiff's opposition brief provides no counter on this dispositive point and indeed fails to even address any pertinent authority. Instead, Plaintiff proffers two baseless, inconsequential arguments. First, Plaintiff argues that CSRA preemption should not apply because probationary employees have no remedy under the CSRA. This argument is both baseless - the CSRA regime does in fact provide a remedy to probationary employees, *see* 5 U.S.C. §1214 (providing that probationary employees can petition the Office of Special Counsel ("OSC") to appeal employment grievances on their behalf); *see also Gonzalez*, 2013 WL 152177, at *5 ("the OSC complaint process [] provide[s] a remedy in cases that involve probationary employees.") - and, in any event, inconsequential - "a federal employee's personnel-related complaints are preempted even if no remedy is available under the CSRA," *Mangano*, 529 F.3d at 1246.

Second, Plaintiff argues that the Court should "inherently presume[]" a claim premised on the Administrative Procedures Act ("APA"), even though the complaint makes no reference to the APA. [Doc. No. 5 at 6-8.] Just as above, this argument is both baseless - "Plaintiff's statements in his opposition brief cannot amend the Complaint," *Fabbrini v. City of Dunsmuir*, 544 F. Supp. 2d 1044, 1050 (E.D. Cal. 2008), and inconsequential - even if allowed, amendment would be futile because the CSRA would still preempt Plaintiff's claim even if framed in terms of the APA, *see Weber v. Department of Veteran Affairs*, 521 F.3d 1061, 1067 (9th Cir. 2008) (holding that the APA provides no basis for a constitutional challenge where a comprehensive remedial scheme like the CSRA exists).

Accordingly, under Fed. R. Civ. P. 12(b)(1), Plaintiff's second cause of action

is **DISMISSED WITH PREJUDICE**.

### 2. Customs and Border Protection is an Improper Defendant

Given the foregoing, the only claim remaining is for violation of Title VII. As Defendant contends and Plaintiff concedes, [*see* Doc. Nos. 4 at 3, 5 at 2], Customs and Border Protection is an improper defendant for any claim under Title VII. *See, e.g., Hill v. England*, 2005 WL 3031136, at *2 (E.D. Cal. Nov. 8, 2005) ("The only proper defendant in civil actions under Title VII . . . is the 'head of the department, agency, or unit, as appropriate . . .'") (quoting 42 U.S.C. § 2000e-16(c)); *Carlson v. Veneman*, 2002 WL 413807, at *1 (N.D. Cal. March 12, 2002) ("a plaintiff may not 'bootstrap' additional causes of action against the United States, the agency, or individual employees onto his Title VII complaint"). Thus, Plaintiff's Title VII claim against Customs and Border Protection is **DISMISSED WITH PREJUDICE**.

### CONCLUSION

For the foregoing reasons, the Court hereby **GRANTS** Defendants' motion and **DISMISSES WITH PREJUDICE** Plaintiff's second cause of action in its entirety and all claims against Defendant Customs and Border Protection. To be clear, the only remaining claim is Plaintiff's Title VII claim against Defendant Janet Napolitano, Secretary of the Department of Homeland Security.

**IT IS SO ORDERED.**

**DATED:** August 13, 2013

_____
**IRMA E. GONZALEZ**
**United States District Judge**